on the claims that it was negligent in failing to supervise, instruct or train plaintiff Michael C. Schillaci, its employee, and defendant and third-party plaintiff, Jackson Saw and Knife Company, Inc. (Jackson), failed to raise a triable issue of fact on those claims (*see generally, Zuckerman v City of New York,* 49 NY2d 557, 562). We therefore modify the order by granting the motion of third-party defendant for summary judgment dismissing the third-party complaint.

The court properly denied the motion of Jackson for a conditional order awarding it summary judgment on its cross claim seeking common-law indemnification from defendant Jet Equipment and Tools, Inc. Jackson is alleged to be liable to plaintiffs in negligence and strict products liability for selling a defective product and/or failing to warn of its dangerous or defective condition, of which Jackson's employees allegedly had actual knowledge at the time of sale. There are triable issues of fact concerning whether Jackson was actively at fault for the occurrence of the accident, thus precluding summary judgment (*see, Szymanski v Nabisco, Inc.,* 256 AD2d 1154, 1155). (Appeals from Order of Supreme Court, Monroe County, Bergin, J.—Summary Judgment.) Present—Hayes, J. P., Hurlbutt, Scudder, Kehoe and Lawton, JJ.

MARILYN C. SHUMAN et al., Respondents, v BARBARA A. BOWER, Appellant. [718 NYS2d 659] —Order unanimously affirmed with costs. Memorandum: Supreme Court did not abuse its discretion in denying defendant's motion for recusal. "Where, as here, there is no allegation that recusal is statutorily required (*see,* Judiciary Law § 14), the matter of recusal is addressed to the discretion and personal conscience of the Justice whose recusal is sought" (*Matter of Card v Siragusa,* 214 AD2d 1022, 1023). (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Judiciary Law.) Present—Hayes, J. P., Hurlbutt, Scudder, Kehoe and Lawton, JJ.

In the Matter of RICHARD MURTAUGH et al., Appellants, v TOWN OF LYSANDER et al., Respondents. (Appeal No. 1.) [718 NYS2d 660] —Appeal unanimously dismissed without costs (*see,* CPLR 5701 [b] [1]). (Appeal from Order of Supreme Court, Onondaga County, McCarthy, J.—CPLR art 78.) Present—Hayes, J. P., Hurlbutt, Scudder, Kehoe and Lawton, JJ.

In the Matter of RICHARD MURTAUGH et al., Appellants, v TOWN OF LYSANDER et al., Respondents. (Appeal No. 2.) [718 NYS2d 660] —Judgment unanimously affirmed without costs for reasons stated in decision at Supreme Court, McCarthy, J. (Appeal from Judgment of Supreme Court, Onondaga County,

McCarthy, J.—CPLR art 78.) Present—Hayes, J. P., Hurlbutt, Scudder, Kehoe and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL M. SWANK, Appellant. (Appeal No. 1.) [717 NYS2d 438] —Judgment unanimously affirmed. Memorandum: Defendant failed to move to withdraw his pleas of guilty or to vacate the judgments convicting him of burglary in the third degree (appeal No. 1) and attempted burglary in the second degree (appeal No. 2), and thus his contention that those pleas were not knowingly or voluntarily entered is not preserved for our review (*see, People v Lopez*, 71 NY2d 662, 665). Contrary to defendant's contention, County Court properly accepted the pleas and sentenced defendant without conducting further inquiry into possible intoxication defenses to those charges. Defendant admitted committing those crimes "and his factual colloquy established that he knew exactly what he was doing" (*People v Farnham* [appeal No. 1], 254 AD2d 767, *lv denied* 92 NY2d 949; *see, People v Charnock*, 239 AD2d 933, 934). Because defendant's recitation of the facts did not cast significant doubt upon defendant's guilt or otherwise call into question the voluntariness of the plea, the narrow exception to the preservation requirement does not apply (*see, People v Lopez, supra,* at 666).

We reject defendant's contention that the court erred in determining the amount of restitution imposed upon the violation of probation and the burglary and attempted burglary convictions without conducting a hearing. Defendant's challenge to the amount of restitution fixed by the court as a condition of the original sentence of probation is not properly before us on the appeal from the judgment revoking that sentence and resentencing defendant (appeal No. 3) (*see, People v Ambriati,* 239 AD2d 948, *lv denied* 90 NY2d 901). With respect to the restitution imposed upon the remaining convictions, defendant expressly waived his right to a hearing on the amount of restitution as long as it did not exceed $1,500, and the amount imposed did not exceed that limit (*see, People v Ormsby,* 242 AD2d 840, *lv denied* 91 NY2d 895, 975; *see also, People v McElrath,* 241 AD2d 932). In any event, the court's findings with respect to the amount of restitution are supported by the record (*see, People v Leonidow,* 256 AD2d 917, 918-919, *lv denied* 93 NY2d 875).

The challenge by defendant to the severity of the sentence of imprisonment does not survive his waiver of the right to appeal (*see, People v Lococo,* 92 NY2d 825, 827). (Appeal from Judgment of Oswego County Court, Hafner, Jr., J.—Burglary,